Filed 7/29/22 In re M.A. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re M.A., a Person Coming Under the Juvenile Court Law. | B318030<br>(Los Angeles County<br>Super. Ct. No. 18LJJP00318) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MICHELLE M.,<br><br>      Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie M. Davis, Judge Pro Tempore. Conditionally affirmed and remanded with directions.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

_____

In these dependency proceedings Michelle M. (mother) appeals from a juvenile court order terminating her parental rights over M.A., her two-year-old son, contending the court erred in finding the lack of a complete inquiry under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) to be nonprejudicial. We agree, and thus reverse with directions to order a further ICWA inquiry.

## BACKGROUND

We will limit the presentation of facts to those pertinent to the only disputed issue on appeal: Whether the failure of the Department of Children and Family Services (DCFS or the department) to make inquiries under ICWA requires reversal.

Mother was involved in two prior dependency cases pertaining to M.A.'s half siblings, the second of which was open when the instant proceeding was filed. In the second proceeding mother filed Parental Notification of Indian Status forms (ICWA-020) stating she had no Indian ancestry as far as she knew. At the May 21, 2018, detention hearing in the second proceeding, the juvenile court found it had no reason to know the children were Indian children as defined under ICWA, and ordered the parents to keep DCFS, their counsel, and the juvenile court aware of any new information relating to possible ICWA status.

On May 27, 2020, the department filed a petition alleging mother's newborn son, M.A., was at substantial risk of harm

2

pursuant to Welfare and Institutions Code section 300, subdivisions (a), (b)(1) and (j).[1]  The petition alleged M.A. was at risk of harm due to (1) mother's open dependency case with his half siblings, (2) mother's history of substance abuse and current abuse of methamphetamine, (3) mother's "mental and emotional problems," (4) M.A.'s father's (father's) history of substance abuse and current abuse of substances, (5) mother's prior inappropriate discipline of M.A.'s half siblings, and (6) mother's failure to protect the half siblings from the physical abuse by an unrelated adult.  (Father is not a party to this appeal.)  Attached to the petition was an ICWA-010 form stating M.A. had no known Indian ancestry.

Mother reported that she received support from father's parents, i.e., the paternal grandparents, and her cousin, and the maternal grandfather monitored her visits with M.A.'s half siblings.  Father reported he was adopted by his aunt at the age of 14.

On April 28, 2020, mother and father denied knowledge of any Native American ancestry.

On June 2, 2020, mother filed an ICWA-020 form stating she had no Indian ancestry as far as she knew.  Father never filed an ICWA-20 and declined to participate in the hearings, *post*.

At the detention hearing on June 2, 2020, the juvenile court found there was no reason to know the ICWA applied as to mother.  At the permanency hearing on December 21, 2020, the court made the same finding as to father.

---

[1] Undesignated statutory references will be to the Welfare and Institutions Code.

The matter proceeded through detention hearings, jurisdiction and disposition hearings, and review and permanency hearings, at the last of which the juvenile court terminated mother's parental rights.

Mother timely appealed.

## DISCUSSION

Mother contends the juvenile court erred in terminating her parental rights because no evidence in the record indicates DCFS asked any maternal or paternal relatives about M.A.'s possible Indian child status, in derogation of state law (§ 224.2) implementing ICWA and contrary to the requirement that the department make and document such inquiries and any responses. (See Cal. Rules of Court, rule 5.481, subd. (a)(5) [burden on child welfare agency to provide detailed requirements of the ICWA have been satisfied is appropriate]; *In re A.M.* (2020) 47 Cal.App.5th 303, 314.) Therefore, mother argues, the juvenile court lacked the power to terminate her parental rights.

Respondent essentially concedes that section 224.2 was not followed but argues any error was harmless because the parents denied any Native American ancestry.

Our prior decisions make clear that the department's error in failing to make required ICWA inquiries does not result in per se reversal. (See *In re S.S.* (2022) 75 Cal.App.5th 575, 581; *In re Darian R.* (2022) 75 Cal.App.5th 502; *In re A.C.* (2022) 75 Cal.App.5th 1009.) Instead, we must examine the record and reverse or remand only if that review shows prejudice because "there was readily obtainable information that was likely to bear meaningfully upon whether the child is an Indian child." (*S.S.* at p. 582.) Applying that test here, we find the error was prejudicial and thus will remand for further inquiry.

Father may not be aware of Indian ancestry because he was removed from his biological mother and placed in foster care when he was three, and thus "may not . . . know[] [his] cultural heritage." (*In re A.C., supra* 75 Cal.App.5th at p. 1016.) Because other family members are likely to have information bearing meaningfully on whether M.A. was an Indian child, we conclude that the department's failure to make inquiries of them was prejudicial.

We will therefore remand the matter for a further ICWA inquiry.

## DISPOSITION

The order terminating parental rights is conditionally affirmed. We remand to the juvenile court for DCFS and the court to comply with the inquiry and notice provisions of ICWA and California law consistent with this opinion. If the court finds the minor is an Indian child, it shall conduct further proceedings in compliance with ICWA and related California law. If not, the court's original order terminating parental rights will remain in effect.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.          KELLEY, J.[*]

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5